NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**SEAT SACK, INC.,**
*Plaintiff-Appellant,*

v.

**CHILDCRAFT EDUCATION CORP. AND SCHOOL SPECIALTY, INC.,**
*Defendants-Appellees.*

---

2010-1455

---

Appeal from the United States District Court for the Southern District of New York in case no. 07-CV-3344, Magistrate Judge Douglas F. Eaton.

---

Decided: March 30, 2011

---

EDWARD J. CARROLL, III, Law Office of Edward J. Carroll, of Kingston, New York, argued for plaintiff-appellant.

ANTHONY S. BAISH, Godfrey & Kahn, S.C., of Milwaukee, Wisconsin, argued for defendants-appellees. With him on the brief was NICHOLAS A. KEES. Of counsel on the brief was JENNIFER L. GREGOR, of Madison, Wisconsin.

---

Before LOURIE, PLAGER, and DYK, *Circuit Judges*.

DYK, *Circuit Judge*.

Seat Sack, Inc. ("appellant") appeals from the district court's grant of summary judgment to Childcraft Education Corp. and School Specialty, Inc. (collectively, "Childcraft") on the claims of, inter alia, breach of contract, breach of fiduciary duty, conversion, design patent infringement, trademark infringement, false advertising, and unfair competition. We affirm.

## BACKGROUND

In 1993, Ann McLear ("McLear") developed a product called the Seat Sack, and in 1999, she formed the appellant corporation to manufacture and sell Seat Sacks. The Seat Sack is a pouch that attaches to the back of a student's chair and contains compartments to store school supplies. In 2000, appellant signed a vendor agreement with Childcraft, which gave Childcraft the exclusive right to sell Seat Sacks if those Seat Sacks had a Childcraft label affixed to them. From 2000 to 2005, appellant sold Seat Sacks with a Childcraft label to Childcraft, and Childcraft sold those Seat Sacks to customers through its website and catalog. In 2003, Childcraft began developing a new product, called a "Seat Pocket." Although not identical to the Seat Sack, the Seat Pocket is similar. It also attaches to the back of a student's chair and has compartments to store school supplies. During 2004 and 2005, Childcraft continued to purchase Seat Sacks from appellant and simultaneously marketed its own Seat Pocket product. Childcraft also claimed it still had Seat Sacks remaining in inventory after 2005, when it stopped purchasing new Seat Sacks.

In 2007, appellant filed suit against Childcraft. Among numerous other claims, appellant alleged viola-

tions of the Lanham Act, specifically 15 U.S.C. § 1125(a), which covers unregistered trademark infringement and false advertising claims. The district court granted summary judgment to Childcraft on all of appellant's claims. In addressing appellant's trademark infringement Lanham Act claim, the district court primarily found that the plaintiff had failed to produce evidence showing that the term "Seat Sack" was "inherently distinctive" or had acquired "secondary meaning." Although the district court was unsure whether appellant had raised a false advertising claim under the Lanham Act, it stated that, "in any event, [appellant's] evidence does not show that the defendants misrepresented the 'nature, characteristics, qualities or geographic origin' of the Seat Sack or of the Seat Pocket." *Seat Sack, Inc. v. Childcraft Educ. Corp.*, No. 07-CV-3344, slip op. at 26 (Jan. 22, 2010) (quoting § 1125(a)(1)(B)). Appellant timely appealed the district court's decision to the United States Court of Appeals for the Second Circuit, which transferred the case to this court because of our exclusive jurisdiction under 28 U.S.C. § 1295(a)(1) flowing from the design patent infringement claim.

## DISCUSSION

"We apply the law of the regional circuit on non-patent issues." *Baden Sports, Inc. v. Molten USA, Inc.*, 556 F.3d 1300, 1304 (Fed. Cir. 2009). Therefore, we apply Second Circuit precedent to appellant's non-patent claims. Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

We find no error in the district court's treatment of appellant's claims and, with respect to the majority of those claims, we have nothing to add to the district court's

thorough analysis. In particular, the district court properly rejected appellant's claim under 15 U.S.C. § 1114 for trademark infringement because it does not have a registered federal trademark and its claim under 15 U.S.C. § 1125(a)(1)(A) for unregistered trademark infringement. In one respect we conclude that further discussion is required. Appellant provided evidence that Childcraft's website was programmed so that, at least during some period of time, a visitor entering the term "Seat Sack" into the website's search engine was directed to a webpage showing only the Seat Pocket. After commencement of this lawsuit, Childcraft revised its website so that this could not occur. Appellant claims that Childcraft originally programmed the website to improperly divert customers from appellant's product—which Childcraft disputes—and that Childcraft violated § 1125(a)(1), a codified provision of the Lanham Act, during the period that this search protocol was in effect.

The relevant Lanham Act provision—§ 1125(a)(1)—forbids false advertising as well as infringement of unregistered trademarks. *See Empressa Cubana Del Tabaco v. Culbro Corp.*, 399 F.3d 462, 478 (2d Cir. 2005). The false advertising prong provides:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . in *commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods*, services, or commercial activities, shall be liable in a civil action by any per-

son who believes that he or she is or is likely to be damaged by such act.

§ 1125(a)(1) and (a)(1)(B) (emphasis added). Unlike a claim for unregistered trademark infringement, a plaintiff claiming false advertising under the Lanham Act need not demonstrate that it has protectable trademark rights. *See Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 112–113 (2d Cir. 2010) (setting out elements for Lanham Act false advertising claim, which do not include a requirement that a party possess trademark rights); *see also* J. Thomas McCarthy, 5 *McCarthy on Trademarks and Unfair Competition* § 27:9 (4th ed. 2010) (discussing the separate "two prongs" of § 1125(a) for trademark infringement and false advertising and their separate substantive rules and elements). The district court's conclusion that the Seat Sack mark was not inherently distinctive and had not acquired secondary meaning is not dispositive of this Lanham Act claim.

Nevertheless, the district court properly granted summary judgment on appellant's false advertising claim. To succeed on a false advertising claim for damages, a plaintiff must "introduce evidence of actual consumer confusion" unless it can prove intentional deception. *See Res. Developers, Inc. v. Statue of Liberty-Ellis Island Found., Inc.*, 926 F.2d 134, 139 (2d Cir. 1991). Appellant did not prove intentional deception, as it provided no evidence to contradict two declarations by Childcraft employees which stated that Childcraft did not purposefully change the automated search protocols to yield results for Seat Pockets in a search for Seat Sacks. Therefore, appellant has to prove actual consumer confusion to receive damages. Where, as here, the statement is not literally false or false by necessary implication, to obtain an injunction on a false advertising claim, a plaintiff must also prove "by extrinsic evidence, that the chal-

lenged [advertisements] tend to mislead or confuse consumers" and must "demonstrate that a statistically significant part of the commercial audience holds the false belief allegedly communicated by the challenged advertisement." *Merck Consumer Pharm. Co. v. Smithkline Beecham Corp.*, 960 F.2d 294, 297–98 (2d Cir. 1992).

In opposing summary judgment, appellant did not point to any specific evidence of customer confusion. It merely stated that "[p]ublic confusion is clearly set forth in the facts of this case." Appellant's Memorandum of Law in Opposition to Defendants' Motion to Dismiss and in Support of Plaintiff's Cross Motion for a Preliminary Injunction at 9, *Seat Sack, Inc. v. Childcraft Educ. Corp.*, No. 07-CV-3344 (July 24, 2007), ECF No. 26. Appellant failed to raise a genuine issue of material fact on the Lanham Act false advertising claim concerning the existence of customer confusion. The district court did not err in granting Childcraft's motion for summary judgment.

## AFFIRMED

### COSTS

No costs.